IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:18-cv-01259-JDT-jay |
| ) | |
| DYERSBURG POLICE ) | |
| DEPARTMENT, BILLY WILLIAMS, ) | |
| JANE DOE, AND JOHN DOE ) | |
| POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On December 31, 2018, *pro se* Plaintiff James Williams filed this Complaint against the Dyersburg Police Department, Billy Williams, a Dyersburg police officer, Jane Doe, front desk personnel at the Dyersburg Police Department, and two John Does, both Dyersburg police officers accompanied by a motion to proceed *in forma pauperis* (D.E. 1-2). In an order issued on January 3, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* (D.E. 4). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05).

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

1

      (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678 (2009)); *see also* Fed. R. Civ. P. 12(b)(6). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not

exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## BACKGROUND

Plaintiff filed this Complaint pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff asserts that he was attacked while at a residence in Dyersburg, Tennessee on July 6, 2018. After escaping his attacker, Plaintiff made his way to the Dyersburg Police Department. Upon his arrival, he called an emergency number on the door because the police department was closed. A Dyersburg police officer arrived soon after, and Plaintiff explained the attack. However, Plaintiff contends that the officer responded that he could not do anything to the attacker because the officer did not witness the attack. Plaintiff did not recall the officer's name, so he made a request for the copy of the 911 record. Plaintiff was informed by police officer Billy Williams and an unknown female front desk personnel employee that he could not have access to the record, obstructing Plaintiff's right to file a complaint. The police officer that responded to Plaintiff on July 6, 2018 is identified by Plaintiff as John Doe with the case number 187060016.

Plaintiff maintains that Billy Williams and John Doe 187060016, both Dyersburg police officers, and Jane Doe, a front desk personnel employee for the Dyersburg Police Department violated his constitutional right to equal protection. Further, Plaintiff alleges the aforementioned Defendants' misconduct is due to discrimination based on "race, color and national origin (me being a native Illinoisian [sic] The Union against the Confederacy) and violates my right to equal protection of the law which is guaranteed by the 14th amendment of art.7." (D.E. 1 PageID 4).

Further, Plaintiff contends that in September 2018 he reported his vehicle stolen and a Dyersburg police officer responded. The officer took Plaintiff's information and told Plaintiff that he would be contacted within three weeks by the Dyersburg Police Department regarding the vehicle theft. However, as of the date of this Complaint filing, Plaintiff was not contacted. Plaintiff refers to this officer as John Doe of September 2018. Plaintiff argues this inaction violated his 14th Amended right to equal protection of the law.

## ANALYSIS

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It appears that Plaintiff purports to assert a claim under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution (D.E. 1 at 1), which provides that "[n]o State

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

shall ... deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1. The Equal Protection Clause of the Fourteenth Amendment restricts the states from making "distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005) (citing *Vacco v. Quill,* 521 U.S. 798, 799 (1997); *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)). To state a claim under the "suspect class" section of the Equal Protection Clause, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class. *LRL Properties v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1111 (6th Cir.1995). Here, Plaintiff does not allege his race or color, even though he references those suspect classes in his Complaint, however, he states that his national origin is being from Illinois. The Supreme Court has identified the following factors that determine whether a group of persons is a suspect or quasi-suspect class for the purposes of equal protection analysis: whether members of the group "exhibit obvious, immutable, or distinguishing characteristics that define them as a discrete group," and whether the group is "a minority or politically powerless." *Lyng v. Castillo,* 477 U.S. 635, 638 (1986). The Supreme Court has also considered whether the characteristic that defines the class "bears [any] relation to ability to perform or contribute to society." *City of Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 441 (1985) (quoting *Frontiero v. Richardson,* 411 U.S. 677, 686 (1973) (plurality opinion)).  Being born in the state of Illinois does not meet the aforementioned criteria. Additionally, Plaintiff has not alleged a fundamental right that was burdened. However, if Plaintiff intended to state a claim for lack of an investigation into his crimes, it is well settled that "[a] public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and

5

thus no one member of the public has a right to compel a public official to act." *Corhn v. Cnty. of Bay,* 12–CV–13059, 2014 WL 4707510 at *4 (E.D. Mich. Aug.11, 2014) report and recommendation adopted, 12–CV–13059, 2014 WL 4715455 (E.D. Mich. Sept. 22, 2014) (quoting *Fulson v. City of Columbus,* 801 F. Supp. 1, 6) (S.D. Ohio 1992); *see also White v. Tennessee,* 14–CV–115, 2014 WL 3908203 at *7 (E.D. Tenn. Aug. 11, 2014) ("it is clearly established that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime") (quoting *Woods v. Miamisburg City Schools,* 254 F. Supp. 2d 868, 873–74) (S.D. Ohio 2003).

Further, the Supreme Court has recognized that plaintiffs may assert a claim under the Equal Protection Clause brought by a "class of one" even if they do not claim membership in any class or group, "where [they] allege[ ] that [they have] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook,* 528 U.S. at 564; *see also Engquist v. Oregon Dep't of Ag.,* 553 U.S. 591, 601 (2008). However, if Plaintiff did intend to make an equal protection claim under a "class of one" theory, that claim also fails because Plaintiff has failed to allege he was treated differently from others similarly situated.

Similarly, Plaintiff's Complaint should be dismissed because he has failed to state a claim against Defendants under § 1983. "A suit against an individual 'in his official capacity' has been held to be essentially a suit directly against the local government...." *Leach v. Shelby Cnty. Sheriff,* 891 F.2d 1241, 1245 (6th Cir. 1989). Plaintiff indicated that Defendant John Does and Billy Williams are police officers and Jane Doe works at the police station in Dyersburg, Tennessee. Plaintiff's official-capacity claims against John Does and Billy Williams, police officers, and Jane Doe, front desk personnel, therefore, are actually against the City of

Dyersburg.[2] *See Lambert v. Hartman,* 517 F.3d 433, 440 (6th Cir. 2008). Consequently, it is recommended that the official capacity claims against the aforementioned defendants be dismissed.

When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). As the Sixth Circuit has explained:

> The Supreme Court has approved municipal liability based on § 1983 when "the [municipal] action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where such actions emanate from informal governmental custom. In other words, the constitutional violation must have sprung from "official policy" in one form or another. As such, local government units cannot be held liable mechanically for their employees' actions under a respondeat superior theory. The plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." He "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."

*Alman v. Reed,* 703 F.3d 887, 902–03 (6th Cir. 2013) (internal citations omitted); *see also Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993) ("[T]o satisfy the *Monell* requirements, a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy"). A plaintiff must plead that the constitutional violation resulted from a policy or custom by identifying:

> (1) The municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence to federal rights violations.

---

[2] Based on the nature of Plaintiff's claims, and how Plaintiff styled his Complaint referencing the specific position with the City of Dyersburg of Billy Williams, Jane Doe, and the John Does, the Magistrate Judge construes this as a suit against Billy Williams, the John Does, and Jane Doe in their official capacities.

7

*Spears v. Ruth,* 589 F.3d 249, 256 (6th Cir. 2009) (citation omitted). A mere conclusory allegation that a city employed an unlawful policy or custom, without connecting the policy or stating a pattern of conformance to that custom, is not sufficient. *See Iqbal,* 556 U.S. 662; *Huffer v. Bogen,* 503 F. App'x 455, 462 (6th Cir.2012) (dismissing a § 1983 claim against a county defendant when the complaint "failed to identify any policy or custom that resulted in a constitutional violation").

Although Plaintiff lists the Dyersburg Police Department as a Defendant, the police department is actually a division of the City of Dyersburg. In Plaintiff's Complaint, he does not identify any legislative enactments or official agency policies, actions taken by officials with final decision-making authority, a policy of inadequate training or supervision, or a custom of tolerance or acquiescence to federal rights violations by the City of Dyersburg. Thus, Plaintiff fails to state a § 1983 claim against the City of Dyersburg.

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court dismiss Plaintiff's Complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted this 11th day of April, 2019.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**