UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1259-JDT-cgc |
| | ) | |
| DYERSBURG POLICE DEPARTMENT, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S OBJECTION,
ADOPTING REPORT AND RECOMMENDATION TO DISMISS CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On December 31, 2018, Plaintiff James Williams, a resident of Dyersburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) He sues the Dyersburg Police Department (DPD) and DPD Officer Billy Williams, as well as two John Doe DPD officers and a Jane Doe DPD "front desk" officer. (ECF No. 1 at 2-3.) Plaintiff subsequently was granted leave to proceed *in forma pauperis*. (ECF No. 4.)

United States Magistrate Judge Jon A. York issued a Report and Recommendation (R&R) on April 11, 2019, in which he recommended the complaint be dismissed *sua sponte* for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 6.) Plaintiff filed a timely objection to the R&R on April 26, 2019. (ECF No. 7.)

As stated in the R&R, Plaintiff alleges he was assaulted and injured by an assailant on July 6, 2018. (ECF No. 1 at 2-3.) Plaintiff states he drove directly to the DPD following the incident, but it was closed. However, an officer was dispatched to the lobby after Plaintiff called the number on a posted sign. (*Id.* at 3.) After Plaintiff explained what had occurred, the John Doe officer allegedly said he could not do anything because he had not witnessed the attack. (*Id.*) Plaintiff asserts the officer made no attempt to make any arrest and showed no concern for his safety. (*Id.*)

Plaintiff further states that he later asked for a copy of the record of the emergency call he made to the Department after the assault, but his request allegedly was denied by Defendant Williams and the Jane Doe officer at the front desk. Plaintiff contends this refusal prevented him from filing an internal complaint against the DPD. (*Id.*) He alleges the actions of the Defendants in connection with the July 6th incident violated his right to equal protection of the law because they were based on his race and his status as a native of Illinois. Plaintiff alleges he suffers from post-traumatic stress disorder and paranoia toward the DPD as a result of the Defendants' actions. (*Id.* at 4.)

In September of 2018, Plaintiff alleges he reported to the DPD that his vehicle had been stolen. A different John Doe DPD officer was dispatched to take Plaintiff's information. The officer allegedly told Plaintiff he would be contacted within three weeks by the DPD about the theft; however, no one has contacted him. He again alleges this violated his right to equal protection of the law. (*Id.*)

In the R&R, Magistrate Judge York determined the complaint is subject to dismissal in its entirety. He found that Plaintiff failed to state a claim under 42 U.S.C.

§ 1983 for violation of his right to equal protection of the law because he does not allege he is a member of a suspect or quasi-suspect class, that the Defendants' actions burdened any fundamental right, or that he was treated differently from others who were similarly situated. The Magistrate also found that the gravamen of Plaintiff's complaint, which is that the DPD failed to investigate the crimes he reported, fails to state any constitutional claim.

Magistrate Judge York further determined that if Plaintiff's claims are construed as having been brought against the Defendant officers only in their official capacities, those claims, as well as the claims against the DPD, must be treated as claims against the City of Dyersburg. As such, the complaint does not identify any official policy or custom of the City that caused the alleged constitutional violation.

In his objection to the R&R, Plaintiff states he does not disagree with the Magistrate Judge's conclusions of fact and law. (ECF No. 7 at 1.) However, he asks for leave to amend his complaint "to correct his statement of facts to name those directly involved and eliminate misnomers and to state only the substance of his claim based solely upon fact." (*Id.*)

While leave to amend should be freely granted when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), it is not required when a deficiency cannot be cured. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). Magistrate Judge York did not recommend dismissal of the complaint in this case based

on Plaintiff's failure to identify those involved in the incidents or on any misnomers. Dismissal is recommended primarily because the underlying allegations, the failure of police officers to investigate reported crimes, does not violate the constitutional rights of any particular member of the public.

The Court finds that leave to amend is not warranted in this case. Therefore, Plaintiff's objection and request to file an amended complaint are DENIED. The R&R is ADOPTED, and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee to the District Court Clerk or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

       s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE